No. 748

INTERNATIONAL TELE. CO. v. AETNA CAS. & SURETY CO.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1537. Decided Apr. 29, 1927.

**First Publication of this Opinion.**

225. CHARGE OF COURT—Mere fact that there may be inconsistency between charges given at request of plaintiff and those given at request of defendant, would not call for reversal.

625a. INDEMNITY BONDS—1. Words, "wrongful abstraction, misapplication or misappropriation," in obligatory clause should be construed in harmony with other words immediately preceding and immediately succeeding.

2. Where, by harmonizing entire clause, such words include only dishonest or criminal act, bonding company not liable for loss growing out of honest mistake.

Error to Common Pleas.

Judgment affirmed.

Huggins & Ligget, Columbus, for Telephone Co.

Chas. S. Druggan and P. R. Gingher, Columbus, for Casaualty Co.

ALLREAD, J.

The International Telephone Company brought suit upon an indemnity bond given by Elmer E. Learned, as treasurer. The conditions of the bond provided indemnity for:

"Such precuniary loss as the employer shall sustain of money or other property through the fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction, misapplication or misappropriation or any other dishonest or criminal act or omission directly or in connivance with others while such employee holds any position at any location in the service of the employer, during the period commencing with the second of March, 1922, at twelve o'clock, Standard Time."

The petition contains the averment that said Learned, as treasurer, received money and other property of the value of $31,759.33 for which he has failed and refused to account. The plaintiff asks judgment in the full amount of the penalty of the bond.

An answer and an amended answer were filed. The case was tried to a jury, resulting in a verdict in favor of the defendant.

Petition in error challenges the regularity of the trial and the sufficiency of the evidence.

The trial court gave, before argument, special charges numbers 1 and 4 requested by counsel for plaintiff in error. These charges, if the same had remained before the jury as the charge of the court, would have carried the case to the jury upon the theory advocated by counsel for plaintiff in error.

The defendant, in the trial below, requested nine special charges. Of these, five were given. There is a conflict between the special charges given on behalf of the plaintiff and those given on behalf of the defendant. Charges requested by the defendant announce clearly and distinctly that the surety would not be liable unless the employee acted dishonestly or criminally in connection with his employment, that no liability would rest upon the surety for loss caused solely by the carelessness or negligence of the employee. The mere fact that there may be inconsistency between the charges given at the request of the plaintiff and those given at the request of the defendant would not call for a reversal at the instance of the plaintiff in error unless those which were unfavorable to him were incorrect. In other words, if the law was correctly stated in the charges which were unfavorable to the plaintiff in error, there would be no prejudice.

This brings us to the crucial question as to whether dishonesty or criminality on the part of the employee was essential to constitute a liability against the surety for the loss involved. Counsel for plaintiff in error rely upon a portion of the opinion of Judge Shauck in the case of Hankin v. Guaranty Company, 96 OS. 280. In that case, the basis of the liability was "the fraud or dishonesty" of the employee.

As we readl the obligatory words of the bond in the instant case, we cannot escape the conviction that dishonesty or criminality forms the basis of liability. The words "wrongful, abstraction, misapplication or misappropriation" standing alone, might be broad enough to cover an innocent mistake, but we think they should be construed in harmony with the other words immediately preceding and immediately succeeding. The entire clause would be harmonized by reading the words just quoted so as to include only dishonest or criminal acts. This, in our judgment, is the proper interpretation of the bond.

We are, therefore, of the opinion that the law as given by the trial judge in the special requests offered by the defendant below and in the general charge on the subject of the construction of the bond was correct.

(Ferneding and Kunkle, JJ., concur.)